OCT 30 2003 11:45 FR SHUL EWING 215 972 7725 TO 26434161264624402 P.12/13

10/31/02 12:12 FAX 1 937 644 7368 SCOTTS LOFT WEST @011
10/31/02 THU 11:40 FAX 937 643 2593 SCOTTS @010

10/31/2002 13:03 FAX

E C GEIGER INC
PO Box 285
HARLEYSVILLE PA 19438

Date
10/31/2002

Page
10

E C GEIGER INC
PO Box 285
HARLEYSVILLE PA 19438

Acct #: 302490
10/31/2002

The Scotts Company
PO Box 93211
Chicago IL 60673-3211
US

| Doc. Number | Doc. Date | Amount | Due Date | Arrears on 10/31/2002 | Store Number | Purchase Order |
|---|---|---|---|---|---|---|
| 91228548 | 08/19/2002 | 23.65 | 10/09/2002 | 18 | | 101588 |
| 91228980 | 08/19/2002 | 4,804.02 | 01/10/2003 | 71- | | 180341 |
| 91238761 | 08/19/2002 | 4,167.42 | 01/10/2003 | 71- | | 108208 |
| 91238970 | 08/19/2002 | 1,411.38 | 01/10/2003 | 77- | | 176432 - WEEK 34 |
| 91238983 | 08/19/2002 | 3,440.27 | 10/09/2002 | 18 | | 193508 |
| 91238989 | 08/19/2002 | 25,477.58 | 12/17/2002 | 47- | | 191808 |
| 91238940 | 08/19/2002 | 3,085.18 | 12/17/2002 | 47- | | 481662 |
| 91238084 | 08/20/2002 | 1,451.26 | 01/17/2003 | 78- | | 176432 - WEEK 34 |
| 91238067 | 08/20/2002 | 1,451.38 | 01/17/2003 | 78- | | 176432 - WEEK 34 |
| 91238380 | 08/20/2002 | 2,233.50 | 12/18/2002 | 48- | | 191884 - LOAD 1 |
| 91238381 | 08/20/2002 | 2,333.80 | 12/18/2002 | 48- | | 191884 - LOAD 2 |
| 91238478 | 08/20/2002 | 6,446.23 | 01/10/2003 | 71- | | 191614 |
| 91238488 | 08/20/2002 | 4,811.58 | 01/10/2003 | 71- | | 192181 |
| 91239878 | 08/21/2002 | 1,451.30 | 01/18/2003 | 78- | | 176432 - WEEK 34 |
| 91239879 | 08/21/2002 | 4,722.22 | 10/20/2002 | 11 | | 181812 |
| 91239881 | 08/21/2002 | 2,180.30 | 01/18/2003 | 71- | | 482727 |
| 91239882 | 08/21/2002 | 2,180.80 | 01/10/2003 | 71- | | 482728 |
| 91239862 | 08/21/2002 | 2,288.88 | 01/10/2003 | 71- | | 482728 |
| 91240898 | 08/22/2002 | 4,720.78 | 12/20/2002 | 58- | | 190226 |
| 91240830 | 08/22/2002 | 2,280.80 | 01/10/2003 | 71- | | 482780 |
| 91241270 | 08/22/2002 | 4,504.82 | 01/10/2003 | 71- | | 190342 |
| 91241144 | 08/23/2002 | 4,848.84 | 05/10/2003 | 71- | | 482803 |
| 91244478 | 08/24/2002 | 476.82- | 08/01/2002 | 182 | | 172688 |
| 91244667 | 08/28/2002 | 8,803.12 | 01/28/2003 | 84- | | 190230 |
| 91244781 | 08/28/2002 | | | | | |

| Doc. Number | Doc. Date | Amount |
|---|---|---|
| 91235288 | 08/19/2002 | 23.65 |
| 91236888 | 08/19/2002 | 4,804.02 |
| 91236761 | 08/19/2002 | 4,167.42 |
| 91236970 | 08/19/2002 | 1,451.26 |
| 91236984 | 08/19/2002 | 3,440.27 |
| 91238840 | 08/19/2002 | 25,477.58 |
| 91238810 | 08/19/2002 | 3,085.18 |
| 91238084 | 08/20/2002 | 1,451.38 |
| 91238067 | 08/20/2002 | 1,451.26 |
| 91238380 | 08/20/2002 | 2,232.80 |
| 91238381 | 08/20/2002 | 2,333.80 |
| 91238478 | 08/20/2002 | 6,446.23 |
| 91238458 | 08/20/2002 | 4,811.58 |
| 91239878 | 08/21/2002 | 1,451.26 |
| 91239879 | 08/21/2002 | 4,722.22 |
| 91239881 | 08/21/2002 | 2,180.30 |
| 91239882 | 08/21/2002 | 2,180.80 |
| 91240898 | 08/22/2002 | 2,288.88 |
| 91240898 | 08/22/2002 | 4,720.78 |
| 91241278 | 08/22/2002 | 2,280.80 |
| 91241144 | 08/23/2002 | 4,504.82 |
| 91244478 | 08/24/2002 | 4,848.84 |
| 91244667 | 08/28/2002 | 476.82- |
| 91244701 | 08/28/2002 | 8,803.12 |

Paid
10/31/02

OCT 30 2003 11:50 FR SHUL EWING 215 972 7725 TO 2843416126462402 P.13/15

10/31/02 12:12 FAX 1 937 644 7868 SCOTTS LOFT WEST
10/31/02 THU 11:49 FAX 937 645 2595 SCOTTS
10/31/2002 13:03 FAX
012
011

E C GRIGER INC
PO Box 285
HARLEYSVILLE PA 19438

Date 10/31/2002

Page 11

E C GRIGER INC
PO Box 285
HARLEYSVILLE PA 19438

Acct #: 302430
10/31/2002

The Scotts Company
PO Box 91211
Chicago IL 60673-3211
US

| Doc. Number | Doc. Date | Amount | Due Date | Arrears on 10/31/2002 | Store Number | Purchase Order |
|---|---|---|---|---|---|---|
| 91244780 | 08/28/2002 | 2,332.90 | 12/24/2002 | 64- | | 482780 |
| 91249670 | 08/20/2002 | 8,867.86 | 12/24/2002 | 84- | | 19278 |
| 91246474 | 08/28/2002 | 226.83- | 08/01/2002 | 152 | | 169474 |
| 91249477 | 08/26/2002 | 481.56- | 08/01/2002 | 182 | | 109850 |
| 91249659 | 08/27/2002 | 2,306.81 | 01/24/2003 | 85- | | 175432 - WEEK 35 |
| 91250065 | 08/28/2002 | 1,461.38 | 01/28/2003 | 88- | | 175432 - WEEK 35 |
| 91250850 | 08/28/2002 | 25,887.54 | 08/16/2003 | 227- | | 481537 |
| 91250801 | 08/28/2002 | 3,798.24 | 10/12/2002 | 18 | | 481507 |
| 91248141 | 08/28/2002 | 1,504.00 | 01/27/2003 | 88- | | 175432 - WEEK 36 |
| 91248142 | 08/30/2002 | 1,461.38 | 01/27/2003 | 88- | | 175432 - WEEK 35 |
| 91251143 | 08/03/2002 | 23,679.10 | 10/10/2002 | 13 | | 192431 |
| 91250848 | 09/04/2002 | 2,984.29 | 08/16/2003 | 227- | | 481560 |
| 91253472 | 09/04/2002 | 1,461.28 | 02/01/2003 | 93- | | 175432 - WEEK 36 |
| 91253477 | 09/04/2002 | 1,451.38 | 02/01/2003 | 93- | | 175432 - WEEK 36 |
| 91254088 | 09/03/2002 | 1,461.36 | 02/02/2003 | 94- | | 175432 - WEEK 36 |
| 91254881 | 09/05/2002 | 1,461.36 | 02/02/2003 | 94- | | 175432 - WEEK 36 |
| 91256006 | 09/06/2002 | 14,724.00 | 08/15/2003 | 227- | | 192087 |
| 91256011 | 09/06/2002 | 1,380.90 | 10/20/2002 | 11 | | 192087 |
| 91263880 | 09/09/2002 | 4,322.44 | 08/15/2003 | 227- | | 482501 |
| 91258229 | 09/10/2002 | 2,098.71 | 08/15/2003 | 227- | | 178217 |
| 91259446 | 09/10/2002 | 3,843.88 | 10/24/2002 | 0 | | 191501 |
| 91261430 | 09/12/2002 | 6,883.01 | 08/16/2003 | 227- | | 103288 |
| 91266670 | 09/17/2002 | 486.10- | 09/17/2002 | 44 | | CLAIM/ROUTE |
| 91266083 | 09/18/2002 | 803.10- | 09/18/2002 | 43 | | COMPLAINT #813 |

| Doc. Number | Doc. Date | Amount |
|---|---|---|
| 91244780 | 08/28/2002 | 2,332.90 |
| 91245920 | 08/28/2002 | 8,867.86 |
| 91246474 | 08/28/2002 | 226.83- |
| 91245477 | 08/26/2002 | 481.56- |
| 91249659 | 08/27/2002 | 2,306.81 |
| 91250065 | 08/28/2002 | 1,461.38 |
| 91250810 | 08/28/2002 | 25,887.54 |
| 91250808 | 08/28/2002 | 3,798.24 |
| 91248141 | 08/30/2002 | 1,504.00 |
| 91248142 | 08/30/2002 | 1,461.38 |
| 91251043 | 08/13/2002 | 23,679.10 |
| 91250848 | 09/04/2002 | 2,984.29 |
| 91253472 | 09/04/2002 | 1,461.38 |
| 91253477 | 09/04/2002 | 1,461.38 |
| 91254088 | 09/05/2002 | 1,461.36 |
| 91254881 | 09/05/2002 | 1,461.36 |
| 91256006 | 09/06/2002 | 14,724.00 |
| 91256011 | 09/06/2002 | 1,380.90 |
| 91263880 | 09/09/2002 | 4,322.44 |
| 91259288 | 09/10/2002 | 2,098.71 |
| 91259446 | 09/10/2002 | 3,843.88 |
| 91261430 | 09/12/2002 | 6,883.01 |
| 91266670 | 09/17/2002 | 486.10- |
| 91266083 | 09/18/2002 | 803.10- |

10/31/0-

OCT 30 2003 11:50 FR SHUL EWING 215 972 7725 TO 2843#16128#82402 P.14/15

10/31/2002 13:04 FAX

10/31/02 12:15 FAX 1 937 644 7588 SCOTTS LOFT WEST ☒013

1/02 THU 11:42 FAX 937 645 2593 SCOTTS ☒012

E C GRIGER INC
PO Box 285
HARLEYSVILLE PA 19438

Date 10/31/2002

Page 12

| Doc. Number | Doc. Date | Amount | Due Date | Arrears on 10/31/2002 | Store Number | Purchase Order |
|---|---|---|---|---|---|---|
| 91269187 | 08/19/2002 | 8,107.81 | 11/03/2002 | 3- | | 192431 |
| 91269189 | 08/19/2002 | 1,840.96- | 09/18/2002 | 42 | | SAMPLES, TRIALS |
| 91271148 | 09/22/2002 | 52.04- | 09/23/2002 | 38 | | 175432 - WEEK 36 |
| 91277117 | 08/27/2002 | 5,537.83 | 06/15/2003 | 227- | | 183294 |
| 91277119 | 08/27/2002 | 12,348.84 | 11/01/2002 | 11- | | 493304 |
| 91278214 | 09/28/2002 | 2,894.38 | 01/14/2003 | 97- | | 483116 |
| 91279218 | 09/30/2002 | 2,888.80 | 06/15/2003 | 227- | | 462824 |
| 91280811 | 10/01/2002 | 2,387.00 | 06/16/2003 | 227- | | 462822 |
| 91280787 | 10/01/2002 | 2,387.00 | 01/28/2003 | 89- | | 463673 |
| 91280998 | 10/02/2002 | 4,869.05 | 06/15/2003 | 227- | | 183038 |
| 91281005 | 10/02/2002 | 2,387.00 | 01/30/2003 | 91- | | 483078 |
| 91282212 | 10/03/2002 | 34,418.84 | 11/17/2002 | 17- | | 194280 |
| 91282826 | 10/03/2002 | 15,401.32 | 06/15/2003 | 227- | | 194290 |
| 91285002 | 10/03/2002 | 5,306.87 | 06/15/2003 | 227- | | 194402 |
| 91284258 | 10/17/2002 | 28,816.54 | 12/01/2002 | 31- | | 184288 |
| 100131967 | 10/30/2002 | 5,270.33- | 10/30/2002 | 1 | | |
| | bal.from [illegible] short pay 4-70180343[illegible]1541-01 | | | | | |
| 91306068 | 10/31/2002 | 83.30- | 01/10/2003 | 71- | | 482727 |
| 91307669 | 10/31/2002 | 83.30- | 01/10/2003 | 71- | | 482728 |
| 91307670 | 10/31/2002 | 83.30- | 01/10/2003 | 71- | | 482729 |
| 91307671 | 10/31/2002 | 83.30- | 01/10/2003 | 71- | | 482730 |
| 91307672 | 10/31/2002 | 183.78- | 12/24/2002 | 64- | | 19279 |

1,412,137.82

E C GRIGER INC
PO Box 285
HARLEYSVILLE PA 19438

Acct #: 302490
10/31/2002

The Scotts Company
PO Box 93211
Chicago IL 60673-3211
US

| Doc. Number | Doc. Date | Amount |
|---|---|---|
| 91269187 | 08/19/2002 | 8,107.81 |
| 91269189 | 08/19/2002 | 1,840.96- |
| 91271148 | 09/22/2002 | 52.04- |
| 91277117 | 08/27/2002 | 5,537.83 |
| 91277119 | 08/27/2002 | 12,348.84 |
| 91278214 | 09/28/2002 | 2,894.38 |
| 91279218 | 09/30/2002 | 2,888.80 |
| 91280811 | 10/01/2002 | 2,387.00 |
| 91280787 | 10/01/2002 | 2,387.00 |
| 91280998 | 10/02/2002 | 4,869.05 |
| 91281005 | 10/02/2002 | 2,387.00 |
| 91282212 | 10/03/2002 | 34,418.84 |
| 91282826 | 10/03/2002 | 15,401.32 |
| 91285002 | 10/03/2002 | 5,306.87 |
| 91284258 | 10/17/2002 | 28,816.54 |
| 100131967 | 10/30/2002 | 5,270.33- |
| 91306068 | 10/31/2002 | 83.30- |
| 91307669 | 10/31/2002 | 83.30- |
| 91307670 | 10/31/2002 | 83.30- |
| 91307671 | 10/31/2002 | 83.30- |
| 91307672 | 10/31/2002 | 183.78- |

Total Amount: 1,412,287.82

10/31

2

**CIVIL ACTION COVER SHEET**

DOCKET NO.(S) 03-5269 H

**Trial Court of Massachusetts**
**Superior Court Department**
**County:** Suffolk

PLAINTIFF(S)
The Scotts Company
14111 Scottslawn Road
Marysville, Ohio 43041

DEFENDANT(S)
U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc. a/k/a The Geiger Companies) & Banknorth, N.A. (reach and apply defendant)

ATTORNEY NAME, FIRM NAME, ADDRESS AND TELEPHONE
Gregory T. Arnold, Esquire
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
Board of Bar Overseers number: (BBO# 632738)

ATTORNEY (if known)

**Origin code and track designation**

Place an X in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- ☐ 4. F04 District Court Appeal c. 231, s.97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after prescript relief from judgement/Order (Mass.R.Civ.P.60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (Specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Reach and apply attachment | ( F ) | ( ) YES ( X ) NO |

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2003 NOV -5 A 11:5
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $..........
2. Total Doctor expenses .......... $..........
3. Total chiropractic expenses .......... $..........
4. Total physical therapy .......... $..........
5. Total other expenses (describe) .......... $..........

**Subtotal** $..........

B. Documented lost wages and compensation to date: .......... $..........
C. Documented property damages to date: .......... $..........
D. Reasonably anticipated future medical and hospital expenses: .......... $..........
E. Reasonably anticipated lost wages: .......... $..........
F. Other documented items of damages (describe): $..........
G. Brief description of Plaintiff's injury, including nature and extent of injury (describe): $..........

**TOTAL** $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc. a/k/a The Geiger Companies) has acknowledged owing Scotts in excess of $1.3 million. That dispute is subject to prior litigation. Banknorth N.A. holds approximately $100,000 in escrowed funds as the result of a sale of Geiger's assets.

**TOTAL** $100,000.00 (+ interest)

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTRY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 11/5/03

I HEREBY ATTEST AND CERTIFY ON NOV. 20, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.



3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
TRIAL DEPARTMENT
CIVIL ACTION NO.
03-5269 H

THE SCOTTS COMPANY,
Plaintiff
v.

U.S. HORTICULTURAL SUPPLY, INC. (f/k/a E.C. GEIGER, INC. a/k/ THE GEIGER COMPANIES),
Defendant
and

BANKNORTH, N.A.,
Trustee Process/Reach-and-Apply Defendant

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2003 NOV -5 A 11: 16
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

## *Ex Parte* MOTION FOR TEMPORARY REACH AND APPLY ATTACHMENT/INJUNCTION

U.S. Horticultural Supply, Inc. ("Geiger") was a distributor of Scotts' merchandise. Upon the expiration of the Distributor Agreement between the parties, Geiger owed Scotts in excess of $1.3 million for product that it had ordered, accepted, sold to others, but for which Geiger never paid Scotts. Geiger twice acknowledged this debt in writing subsequent to the expiration of the Distributor Agreement. However, Geiger has refused to pay the money it has acknowledged owing to Scotts. In fact, approximately one month after the expiration of the Distributor Agreement (and the same day that it acknowledged owing $1.3 million to Scotts) Geiger sold virtually all of its assets to a third party and ceased business operations. As part of this transaction, a sum of money believed to be $100,000 was placed in escrow with Banknorth, N.A. Absent equitable relief by this Court, that money will soon be released to the now defunct Geiger.

11/5/03 Allowed as TRO pending hearing See order /Botsford, J

Despite repeated demands, Geiger has continued to refuse paying its obligation to Scotts, forcing the commencement of litigation in Ohio to compel arbitration, as required by the Distributor Agreement. Geiger has steadfastly refused to provide any information about any other assets it may have with which to settle its debt to Scotts. Geiger has refused to account for the proceeds of the asset sale or to otherwise provide Scotts with any assurance that Geiger either has assets sufficient to pay Scotts or that, to the extent Geiger has remaining assets, such assets have not been dissipated.

Accordingly, pursuant to G.L. ch. 214, § 3(6) and Massachusetts Rule of Civil Procedure 4.2(g), the plaintiff, The Scotts Company ("Scotts"), moves for an equitable attachment (reach and apply injunction) on any funds being held in escrow by trustee process/reach-and-apply defendant Banknorth N.A. ("Banknorth") in the name of and/or for the benefit of defendant, U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc.) (""Geiger"). Scotts relies on the Verified Complaint being filed in this action in support of its motion and further states as follows:

1. Scotts has been forced to file this action in order to reach and apply the proceeds being held in escrow by Banknorth, thereby preventing Geiger from gaining access to the funds and further frustrating Scotts' attempts to collect on a debt which Geiger admits owing.

2. As set forth in the Verified Complaint, Scotts has a strong likelihood of succeeding on the merits of the underlying action. *See* Verified Complaint, ¶¶ 11-30; *see also* Exhibit A to Verified Complaint. Once successful, Scotts will secure a judgment in excess of $1.3 million, a figure well above the Escrow Fund that is the subject of this motion. *See* Verified Complaint, ¶ 30.

3. There is no known insurance available to Geiger to satisfy the judgment that Scotts will obtain against Geiger. *See* Verified Complaint, ¶ 33.

4. In deciding this motion, "the court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) the defendant has property that can be reached by the plaintiff in satisfaction of the defendant's debt." *General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc.*, 188 F. Supp.2d 73, 76 (D. Mass. 2002) (citing M.G.L. ch. 214, §§ 3(6) and 3(7); *Papamechail v. Holyoke Mut. Ins. Co.*, 8 Mass.App.Ct. 849 (1979)).

5. Given that this motion seeks only the equitable remedy of a reach and apply injunction, likelihood of success on the merits in proving the underlying debt is the primary, if not exclusive, factor the Court should consider in ruling upon the request. *See, e.g., Anderson Foreign Motors, Inc. v. New England Toyota Distributor, Inc.*, 475 F. Supp. 973, 977-78 (D. Mass. 1979) (applying Massachusetts state law and noting that when a party seeks an equitable attachment, the court should not require a strong showing of irreparable harm or balance of harms); *see also Bank of New England N.A. v. Mortgage Corp. of New England*, 30 Mass. App. Ct. 238, 247-248 (1991) (no showing relative to public interest required for equitable attachment).

6. Attachments are to be granted where the plaintiff shows that there is a "reasonable likelihood" that he will recover judgment in an amount greater than or equal to the amount of the requested attachment. Mass. R. Civ. P. 4.1(c), second ¶; *Anderson*, 475 F.Supp. at 978; *Johnson v. Koplovsky Foods, Inc.*, 5 F. Supp. 2d 48 (D. Mass. 1998).

7. Given Geiger's two written acknowledgements of its indebtedness to Scotts, Scotts easily meets the standard for establishing not only a strong likelihood, but a strong probability of ultimate success on the merits.

8. Moreover, even if the Court elects to look at other factors, it is clear that the requested relief is warranted. Scotts will suffer immediate and irreparable harm if the Escrow Fund is returned to Geiger. *See* Verified Complaint, ¶ 17. If the Escrow Fund is returned to Geiger, there is a substantial risk that these assets would be permanently dissipated and therefore unavailable to Scotts to collect its claim. *Id.*, ¶¶ 14, 17, 19 & 28.

9. The balance of the equities favors the entry of a reach and apply order. Geiger has intentionally delayed Scotts' ability to obtain a judgment and to collect on that judgment. *See* Verified Complaint, ¶ 19-28. During that time, what assets Geiger had remaining following its asset sale have, upon information and belief, been dissipated, further reducing Scotts' ability to collect the monies Geiger has acknowledged that it has not paid. *Id.*, ¶ 28.

10. It is believed that pursuant to the terms of the Escrow Agreement, Geiger will shortly obtain the ability to access the Escrow Fund.

11. In the absence of equitable relief, the Escrow Fund may be released to Geiger without Scotts' knowledge.

12. Given the exigencies of the circumstances, Scotts has moved this Court *ex parte* for the requested relief. However, Scotts is at this time seeking only a temporary injunction to last from the date of this Motion until such time as the Court can have a full and proper hearing on this matter, after notice to all interested parties.

WHEREFORE, for the reasons set forth above, Scotts respectfully requests that this Court enter an Order in the form attached hereto as <u>Exhibit A</u>:

(a) for the equitable attachment of all funds currently being held in escrow by Banknorth, N.A. or any of its affiliates for the benefit of U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc., a/k/a The Geiger Companies);

(b) restraining Banknorth N.A. and any of its affiliates from assigning, removing, encumbering, converting, alienating, distributing, transferring, paying or disposing of any funds which it holds as an escrow agent to Geiger until further order of this Court; and

(c) restraining U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc., a/k/a The Geiger Companies), or any of its officers, agents, directors, shareholder, servants or agents from gaining access to any funds currently being held in escrow by Banknorth N.A. or any of its affiliates for the benefit of U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc. a/k/a The Geiger Companies).

THE SCOTTS COMPANY

By its Attorneys,

Gregory T. Arnold (BBO# 632738)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
Tel (617) 856-8200
Fax (617) 856-8201

HEREBY ATTEST AND CERTIFY ON
NOV. 20, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY
ASSISTANT CLERK.

Dated: November 5, 2003

#1238013 v\1 - arnoldgt - qj9901!.doc - 24091/1

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
TRIAL DEPARTMENT
CIVIL ACTION NO. 03-5269-H

THE SCOTTS COMPANY,
Plaintiff
v.

U.S. HORTICULTURAL SUPPLY (f/k/a E.C. GEIGER, INC., a/k/a THE GEIGER COMPANIES),
Defendant
and

BANKNORTH, N.A.,
Trustee Process/Reach-and-Apply Defendant

**ORDER**

Upon review of the papers submitted by The Scotts Company, and after hearing, it is hereby ordered, pursuant to G.L. ch. 214, § 3(6) that:

(a) BankNorth N.A. and any of its affiliates are hereby Temporarily enjoined from assigning, removing, encumbering, converting, alienating, distributing, transferring, paying or otherwise disposing of any funds which it holds as escrow agent to U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc.) or any of its officers, shareholders or agents until further order of this Court; and

(b) U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc., a/k/a The Geiger Companies), or any of its officers, agents, directors, shareholder, servants or agents is restrained from seeking or gaining access to any funds currently being held in escrow by Banknorth N.A. or any of its affiliates for the benefit of U.S. Horticultural Supply, Inc. (f/k/a E.C. Geiger, Inc. a/k/a The Geiger Companies).

(c) this ~~preliminary injunction~~ Temporary restraining order will remain in force until further order of this Court; if any further hearing is held, defendants shall serve any papers that they intend to present to the Court at least **24 hours in advance** of the scheduled hearing.

Scotts is not required to post a bond in connection with the issuance of this Preliminary Injunction.

BY THE COURT:

[signature]
Hopkins, J.

Assistant Clerk: [signature]
Attest

Dated: November 5, 2003

I HEREBY ATTEST AND CERTIFY ON NOV. 20, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY [signature]
ASSISTANT CLERK.

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
TRIAL DEPARTMENT
CIVIL ACTION NO.
03-5269H

THE SCOTTS COMPANY,
Plaintiff
v.

U.S. HORTICULTURAL SUPPLY, INC. (f/k/a E.C. GEIGER, INC.),
Defendant
and

BANKNORTH, N.A.,
Trustee Process/Reach-and-Apply Defendant

Filed November 5, 2003 & allowed (MacLeod J) attest: [illegible] Asst Clerk

SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE
2003 NOV -5 A 11:1?
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff, The Scotts Company ("Scotts"), hereby moves this Court, pursuant to Massachusetts Rule of Civil Procedure 4(c), for an order appointing Butler and Witten, 1895 Centre Street, Suite 202, West Roxbury, MA 02132 as special process server in the above-captioned action for all purposes contemplated by Massachusetts Rule of Civil Procedure 4. Service of process will be made by a disinterested person over the age of 18.

THE SCOTTS COMPANY

By its Attorneys,

Greg Arnold

Gregory T. Arnold (BBO# 632738)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, Massachusetts 02111
Tel (617) 856-8200
Fax (617) 856-8201

I HEREBY ATTEST AND CERTIFY ON NOV. 20, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

Dated: November 5, 2003

#1237991 v\1 - arnoldgt - qj8n01!.doc - 24091/1

6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
C.A. NO. 03-5269-H

THE SCOTTS COMPANY
Plaintiffs,
v.

U.S HORTICULTURAL SUPPLY f/k/a E.C. GEIGER, INC. a/k/a THE GEIGER COMPANIES,
Defendant
and

BANKNORTH, N.A.,
Trustee and Reach and Apply Defendant

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2003 NOV 19 P 12: 55
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

**BANKNORTH, N.A.'S ANSWER TO THE COMPLAINT**

Reach and apply defendant Banknorth, N.A. ("Banknorth") answers the similarly numbered paragraphs of the Verified Complaint as follows:

1. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

2. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

3. Admits.

4. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

5. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

6. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

7. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

8. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

9. Banknorth admits that it is escrow agent pursuant to an Escrow Agreement between Griffin Greenhouse Supplies, Inc., E.C. Geiger, Inc. a/k/a The Geiger Companies, and Banknorth dated October 31, 2002, and that it is holding funds, on information and belief, pursuant to the APA, but Banknorth is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph..

**COUNT I – REACH AND APPLY**

10. Banknorth incorporates herein its responses to the preceding allegations.

11. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

12. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

13. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

14. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

15. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

16. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

17. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

18. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

19. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

20. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

21. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

22. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

23. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

24. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

25. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

26. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

27. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

28. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

29. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

30. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

31. Banknorth admits that an Escrow Fund is presently being held by Banknorth in an escrow account pursuant to an Escrow Agreement between Griffin Greenhouse Supplies, Inc., E.C. Geiger, Inc. a/k/a The Geiger Companies, and Banknorth dated October 31, 2002,, and that the Escrow Fund has a value of approximately $100,000.00 plus accrued interest, and is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

32. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

33. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

34. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

35. Banknorth is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

 

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COPY

| | |
|---|---|
| **THE SCOTTS COMPANY,**<br>**Plaintiff,**<br>**v.**<br><br>**U.S. HORTICULTURAL SUPPLY, INC. (f/k/a E.C. GEIGER, INC. a/k/a THE GEIGER COMPANIES),**<br>**Defendant,**<br><br>**-and-**<br><br>**BANKNORTH, N.A.,**<br>**Trustee Process/ Reach-and-Apply Defendant.** | **CIVIL ACTION No.**<br><br>**03 CV 12316 WGY** |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant U.S. Horticultural Supply, Inc. ("USH"), through its counsel, hereby gives notice of the removal to this Court of the action described below that is pending in the Superior Court of the Commonwealth of Massachusetts, and aver in support thereof the following:

1. This notice is filed pursuant to 28 U.S.C. §§ 1441 and 1446.

2. USH is one of the defendants named in a civil action filed by plaintiff in the Suffolk County Superior Court of the Commonwealth of Massachusetts, Trial Department, Civil Action No. 03-5269-H (the "State Action"). Said court is located within this judicial district.

3. On or about November 5, 2003, USH's counsel accepted service in the State Action of a civil action cover sheet, summons and temporary restraining order,

~BOST1:289466.v1
310786-1

plaintiff's verified complaint, and plaintiff's *ex parte* motion for temporary reach and apply attachment/injunction. On November 19, 2003, USH's counsel received a copy of Banknorth, N.A.'s Answer to the Complaint. These documents, true and correct copies of which are attached as Exhibit "A" hereto , constitute copies of all process, pleadings and orders served upon USH in the State Action.

4. Plaintiff, The Scotts Company, is an Ohio corporation with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio, 43041.

5. USH is a Pennsylvania corporation with its principal place of business at 1722 Sumneytown Pike, Kulpsville, Pennsylvania, 19443.

6. Defendant Banknorth, N.A. ("Banknorth") is national banking association organized under federal law, the principal place of business of which is in Maine, and Maine is, upon information and belief, the state indicated on Banknorth's most recent articles of association.

7. Banknorth, which is described in the caption of the State Action as a "Trustee/Process and Reach-and-Apply Defendant," is merely a disinterested stakeholder in the State Action, and as such is merely a nominal party defendant.

8. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

~BOST1:289466.v1
310786-1

9. Accordingly, the State Action is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and the State Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).[1]

I HEREBY ATTEST AND CERTIFY ON NOV. 20, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. [signature]
ASSISTANT CLERK.

Respectfully submitted,

[signature]

Lisa C. Goodheart (BBO #552755)
PIPER RUDNICK LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2600
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Of Counsel:

Timothy C. Russell, Esquire
Monica S. Mathews, Esquire
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 (*telephone*)

Attorneys for Defendant
U.S. Horticultural Supply, Inc.

Dated: November 19, 2003

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL OR (BY HAND) ON 11/19/03
[signature]

---

[1] USH's counsel specially appears in this action, expressly preserving and not waiving its right to raise jurisdictional and venue objections and defenses in this action.

~BOST1:289466.v1
310786-1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 03-5269-H

THE SCOTTS COMPANY,

Plaintiff,

v.

U.S. HORTICULTURAL SUPPLY, INC. (f/k/a E.C. GEIGER, INC. a/k/a THE GEIGER COMPANIES),

Defendant,

-and-

BANKNORTH, N.A.,

Trustee Process/Reach-and-Apply Defendant.

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2003 NOV 19 P 3:56
[illegible] JOSEPH DONOV[illegible]
CLERK/MAGISTRATE

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(d), Defendant U.S. Horticultural Supply, Inc. hereby gives notice to the Superior Court of Suffolk County, Massachusetts and to Gregory T. Arnold, Esq., counsel to Plaintiff, The Scotts Company, and to Bruce D. Berns, Esq., counsel to the Trustee Process/Reach-and-Apply Defendant, Banknorth, N.A., that Defendant has filed a Notice of Removal of Civil Action, thereby removing the above-captioned action to the United States District Court for the District of

Massachusetts. A copy of the Notice of Removal of Civil Action is attached to this Notice as Tab 1.

U.S. HORTICULTURAL SUPPLY, INC.

By its attorney,

Lisa C. Goodheart (BBO #552755)
PIPER RUDNICK LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2600
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Of Counsel:

Timothy C. Russell, Esquire
Monica S. Mathews, Esquire
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 (*telephone*)

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL OR (BY HAND) ON 11/19/03

Dated: November 19, 2003

~BOST1:289471.v1
310786-1